IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MacARTHUR CORDOVA

       Plaintiff,

vs.                                                             Civil No. 00-982 WWD/RLP

CORRECTIONS CORPORATION OF
AMERICA, a Delaware Corporation, WARDEN
DONALD DORSEY,[1] Individually and in his
capacity as Warden of the CCA Facility,
Torrance County, State of New Mexico,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Dismiss filed by Defendant Corrections Corporation of America ("CCA") on August 10, 2000 **[docket #7]** and a Motion to Dismiss filed by Defendant Warden Donald Dorsey ("Dorsey") on October 20, 2000 **[docket #15]**. Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken in part and will be granted in part, and not well-taken in part, and will be denied in part.

### BACKGROUND

Plaintiff ("Cordova"), who is proceeding *pro se* in this action, alleges § 1983 and various state law claims against Defendants for physical injuries he sustained while incarcerated and

---

[1] This defendant was incorrectly served as "Tom" Dorsey. By this Court's Order entered Oct. 26, 2000, the Clerk of Court was directed to correct the case caption. [docket # 17].

serving a sentence on a conspiracy charge. He has since been released. The complaint alleges that while in prison, Cordova was having difficulty with certain individuals believed to be gang members. Somewhere around the first weeks of July, 1998, he was involved in a fight with one of them. Fearing for his personal safety, he submitted several written requests for transfer stating that he was not safe where he was being kept. He also communicated these fears to his mother and girlfriend, both of whom made separate requests that Plaintiff be transferred. His mother's request to speak directly to the warden was refused. On July 28, 1998, two men entered Plaintiff's cell while he was sleeping and stabbed Plaintiff repeatedly in his heart, abdomen, back, diaphragm and lung. Cordova managed to get from his bed to the door of the cell to call for help and was eventually airlifted to University of New Mexico Hospital where he received emergency treatment requiring twelve hours of surgery.

The complaint alleges an Eighth Amendment claim against both Defendants (Count I), a state law negligence[2] claim against both Defendants (Count II), a state law negligent hiring, training and supervision claim against each Defendant separately (Counts IV and V, respectively), and a statutory liability claim under N.M.S.A. § 33-1-17 against CCA (Count III).

## DISCUSSION

Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling him to relief. <u>Ramirez v. Oklahoma Dep't of Mental Health</u>, 41 F.3d 584, 586 (10th Cir.1994). In reviewing the sufficiency of a complaint to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6) we must accept all the well-pleaded facts of the complaint as true

---

[2] Defendant mischaracterizes Plaintiff's various negligence claims as attempts at § 1983 claims. The claims appear to the Court (and were intended by Plaintiff, according to his responses to the motions to dismiss) to be grounded in state law.

and must construe them in the light most favorable to the plaintiff. See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995). The complaint itself must show that plaintiff is "entitled to relief" under each claim raised. Fed.R.Civ.P. 8(a)(2)

**Eighth Amendment Claim (§ 1983)**

The Eighth Amendment imposes duties on prison officials, that they must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526- 527, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Specifically, being violently assaulted in prison is simply not "part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392. Despite these principles, not every violent assault suffered by an inmate translates into constitutional liability for prison officials responsible for the inmate victim's safety. To state a cause of action under the Eighth Amendment for a deprivation of a constitutional right, the alleged deprivation must be an "objectively sufficiently serious" deprivation of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In addition, the prison official must have a "sufficiently culpable state of mind," i.e., one of "deliberate indifference" to inmate health or safety. Farmer, 511 U.S. at 834; Green v. Branson, 108 F.3d 1296, 1302 (10th Cir.1997). In alleging multiple stab wounds to his person requiring twelve hours of emergency surgery, it is clear that Cordova has sufficiently alleged an injury which is "objectively sufficiently serious."

Each Defendant contends that Plaintiff has not presented any facts of either's personal involvement in the underlying event in order to sustain a viable claim under § 1983. See Foote v. Spiegel et al., 118 F.3d 1416, 1423 (10th Cir. 1997); Meade v. Grubbs, 841 F.2d 1512, 1527-27

(10th Cir. 1988) (where affirmative link must be established between alleged constitutional deprivation and any conduct by defendant).  Plaintiff has alleged that both Defendants knew that the second attack by gang members was imminent and about Plaintiff's requests for transfer, and that despite receiving the written transfer requests, acted with deliberate indifference in failing to transfer him out of the place he was being kept.  Compl., ¶¶ 28-30.

Because I am required to accept these allegations as true at this phase of litigation, I find that Plaintiff has sufficiently stated a § 1983 claim of supervisory liability against Dorsey, as Warden of the detention facility.  Dorsey's "personal involvement" could be premised on his knowledge concerning the attack and Plaintiff's fear for his personal safety as presented in the complaint. Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992), cert. den. sub nom.  Woodward v. Seghetti, 113 S.Ct. 3038 (1993) (supervisor must have personally directed or actually known of and acquiesced in the conduct that caused plaintiff's injury), but see Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 816-817 (10th Cir. 1981) (supervisory authority alone will not support a civil rights claim).

Plaintiff's allegations concerning CCA also withstand Defendants' motion to dismiss the § 1983 claim. CCA is considered a state actor for purposes of § 1983, even though it is a private entity which contracts to run the Torrance County detention facility.  See West v. Atkins, 487 U.S. 42, 55-58 (1988) (physicians under contract with the state were state actors subject to liability under § 1983, based on individual's function within the state system rather than the precise terms of his employment); Street v. Corrections Corp. of America, et al, 102 F.3d 810, 817 (6th Cir. 1996) (citations omitted).

Because CCA is a corporation, it can only act through its employees. While Defendant correctly points out that Plaintiff has not alleged personal involvement by CCA employees, I find that this failure does not necessarily doom his claim against CCA, since CCA cannot be held liable for actions of its employees on a respondeat superior or vicarious liability basis. See Monell v. Department of Social Serv., 436 U.S. 658 (1978); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). In order to find CCA liable, Plaintiff is required to show not only that a constitutional violation occurred, but also that some official policy or custom was the moving force behind the violation. See Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1320 (10th Cir.1998) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). This "moving force" requires a degree of culpability rising to deliberate indifference. See Ware v. Unified School Distr. No. 492, 902 F.2d 815, 818 -19 and n.2  (10th Cir. 1990) (citing City of Canton, 489 U.S. 378).

The complaint alleges that "insufficient training, supervision and procedures constituted custom, practice and policy of Defendants illustrating a deliberate indifference" to Plaintiff's rights. Compl. ¶32. Contrary to Defendant's arguments, at the pleading stage, plaintiff need not specifically identify the policy or custom allegedly giving rise to the injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993) (federal court may not apply  heightened pleading standard, more stringent than usual pleading requirements, in civil rights cases alleging municipal liability under § 1983); Breidenbach v. Bolish, 126 F.3d 1288, 1292 (10th Cir. 1997). Therefore, Plaintiff's assertion in the complaint as stated sufficiently alleges a claim against CCA. A viable claim against CCA also allows claims against Dorsey to proceed in his official capacity, since claims against a state official in his official capacity is simply

another way of pleading an action against the entity of which the official is an agent. Wills v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989); Greiss v. Col., 841 F.2d 1042, 1045 (10th Cir. 1988), overruled on other grds., Spectron Development Lab v. American Hollow Boring Co., 123 N.M.170 (Ct.App. 1997).

**Negligence Claims**

Counts II, IV and V in the complaint are grounded in state law claims of negligence, under the Tort Claims Act , N.M.S.A. 1978 § 41-4-1 to § 41-4-27). The Act requires a waiver of immunity before any governmental entity or public employee can be sued in a tort action. Ramer v. Place-Gallegos, 118 N.M. 363, 366 (Ct.App. 1994); § 41-4-4(A) (Repl.Pamp.1989). Although Defendants' briefs on these claims are unhelpful in that they offer very little in the way of legal argument as applied to this specific case, I nevertheless find that Counts II, IV and V will be dismissed.

Under New Mexico law, the state Tort Claims Act applies to private jailers, which includes the Defendants in this case. N.M.S.A. § 33-3-28. Plaintiff does not allege claims that fall within a waiver of immunity under the New Mexico Tort Claims Act. For example, his allegations of Defendants' negligence in failing to remove him from where he was kept do not state a claim cognizable under the Tort Claims Act. See Archibeque v. Moya, 116 N.M. 616, 619 (1993) (security, custody, and classification of inmates does not comprise the "operation" and "maintenance" of penitentiary premises). Further, Plaintiff does not state whether notice has been afforded Defendants as required under the Act. § 41-4-16.

**Statutory Claims**

Plaintiff's claim against CCA under N.M.S.A. § 33-1-17 will also be dismissed. Cordova contends that the statute renders CCA liable to him for all harm caused by or arising out of all aspects of the operation of the correctional facility in which he is housed.[3] The statute allows the corrections department to contract with private businesses and sets out the ground rules for the construction and operation of certain types of correctional or jail facilities. I agree with Defendant that the text in the statute which refers to the contractor's assumption of liability does not create a private right of action for Plaintiff, nor do I find it implicit or intended anywhere in the statute. Cmp. e.g., Herrig v. Herrig, 844 P.2d 487 (Wyo. 1992) (dismissal of claim under state tort unfair trade act affirmed where regulatory statute did not create a private right of action). Thus, the complaint presents no set of facts that support a claim under this statute.

**Punitive Damages**

Plaintiff's claim for punitive damages will not be dismissed, as Plaintiff has asserted a viable claim under the Eighth Amendment against both Defendants. See Smith v. Wade, 461 U.S. 30 (1983); see also Baty v. Willamette Industries, Inc.,172 F.3d 1232, 1244 n.6 (10th Cir. 1999) (noting that Tenth Circuit has declined to specify standard applicable for finding that defendant

---

[3] Plaintiff erroneously refers to § 33-1-17*C* (2)and (3) instead of *D* (2) and (3). The relevant provision states in part:
D. The department shall solicit proposals and award any contract under this section in accordance with the provisions of the Procurement Code. The contract shall include such terms and conditions as the department may require after consultation with the general services department; provided that the terms and conditions shall include provisions:
   . . .
   (2) that the contractor assumes all liability caused by or arising out of all aspects of the provision or operation of the facility;
   (3) for liability insurance or other proof of financial responsibility acceptable to the general services department covering the contractor and its officers, employees and agents in an amount sufficient to cover all liability caused by or arising out of all aspects of the provision or operation of the facility. . .

acted with "malice or reckless indifference" to a plaintiff's federally protected rights so as to warrant an award of punitive damages).

**WHEREFORE,**

**IT IS ORDERED** that the Motion to Dismiss filed by Defendant Corrections Corporation of America **[docket #7]** will be GRANTED IN PART and DENIED IN PART in that Plaintiff's claims of negligence, statutory liability under N.M.S.A. § 33-3-17 and negligent hiring, training and supervision (Counts II, III and IV, respectively) against CCA will be DISMISSED WITH PREJUDICE;

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Warden Donald Dorsey **[docket #15]** will be GRANTED IN PART and DENIED IN PART in that Plaintiff's claims of negligence and negligent hiring, training and supervision against Defendant Dorsey (Counts II and V, respectively) will be DISMISSED WITH PREJUDICE. Plaintiff's claim for relief against both Defendants under § 1983 and contained in Count I of the complaint remains pending.

_____
UNITED STATES MAGISTRATE JUDGE