# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MacARTHUR CORDOVA

    Plaintiff,

vs.                                                                                       Civil No. 00-982 WWD/RLP

CORRECTIONS CORPORATION OF
AMERICA, a Delaware Corporation, WARDEN
DONALD DORSEY, Individually and in his
capacity as Warden of the CCA Facility,
Torrance County, State of New Mexico,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on a Motion for Summary Judgment filed September 1, 2001 **(Doc. 47)** by Defendants Corrections Corporation of America and Warden Donald Dorsey. Plaintiff is suing Defendants for physical injuries he sustained while he was incarcerated at the Torrance County Correctional Facility in Estancia, New Mexico. Defendants seek dismissal of the claim based on Plaintiff's failure to exhaust administrative remedies.

Under 42 U.S.C. § 1997e(a) of the Prisoner Litigation Reform Act of 1995 ("PLRA"), as construed under the recent decision in <u>Booth v. Churner et al</u>, 531 U.S. 956 (S.Ct. 2001), a prison inmate is required to complete the prison administrative process before suing over prison conditions, regardless of whether a plaintiff is suing for injunctive relief or money damages.[1] However, I find that the requirement to exhaust under §1997e(a) is not applicable to this case

---

[1] Section 1997e(a) provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a *prisoner confined* in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis supplied).

because Cordova was released from prison before he filed the instant complaint.

I have found no case law from our Tenth Circuit regarding how <u>Booth</u> or the PLRA applies to cases where civil rights complaints are filed by non-inmates for alleged constitutional violations which occurred they were while incarcerated. Nevertheless, case law from other jurisdictions addressing the applicability of the PLRA to former or released inmates persuades me that Defendants' summary judgment motion should be denied. These cases look to the plain language of both provisions which specifically applies to one who is "confined," "incarcerated," or "detained" in a correctional facility. <u>See</u> <u>Greig v. Goord</u>, 169 F.3d 165 (2d Cir. 1999) (litigants who file prison condition actions after release from confinement are no longer "prisoners" for purposes of statute imposing exhaustion requirements on prisoners seeking to bring such actions under federal law); <u>Burton v. City of Philadelphia</u>, 121 F.Supp.2d 810 (E.D.Pa.2000) (individual who brought § 1983 action against city for failing to adequately treat abscessed tooth while he was incarcerated was not "prisoner" for purposes of PLRA, and thus was not required to exhaust administrative remedies, where he was released before bringing action); <u>see</u> <u>also</u> <u>In Re Murphy v. Magnusson</u>, 1999 WL 615895, at *3 (D.Me.1999) <u>cited in</u> <u>Dennison v. Prison Health Serv.</u>,2001 WL 761218 at *1 (D.Me) (no longer"any administrative agency to apply its special expertise" to plaintiff's claim after prisoner's release).

Courts have also considered a plaintiff's confinement status at the time of filing in determining whether to apply the PLRA provision requiring a showing of physical injury.[2] <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3rd Cir. 2001) (applicability of PLRA's personal injury

---

[2] Section 1997e(e) states that "No Federal civil action may be brought by a *prisoner confined* in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." (emphasis supplied).

2

requirement for prisoner claims for mental or emotional injury turns on plaintiff's status as a prisoner, not at the time of underlying incident, but when the lawsuit is filed); <u>Kerr v. Puckett</u>, 138 F.3d 321 (7th Cir. 1998) (PLRA provision barring prisoners from bringing suit for mental or emotional injury without prior showing of physical injury did not apply to suit filed by inmate after he was released on parole); <u>See</u> <u>Harris v. Garner</u>, 216 F.3d 970 (11th Cir.2000) (applicability of PLRA provision concerning a personal injury requirement depends on the confinement status of the prisoner at the time the action was filed) (citation omitted).

According to the complaint, Cordova had served his sentence and was released prior to filing this action. <u>Compl. ¶ 26</u>. Defendants do not dispute this fact. Given the direction of the case law regarding the applicability of the PLRA to suits filed by released prisoners, I find that the summary judgment motion argues a point of law that is moot in this instance, and will therefore be DENIED.

**WHEREFORE**,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (**Doc. 47**) is hereby DENIED as MOOT.

_____
UNITED STATES MAGISTRATE JUDGE