IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MacARTHUR CORDOVA

    Plaintiff,

vs.                                                                                                          Civ. No. 00-982 WWD/RLP ACE

CORRECTIONS CORPORATION OF
AMERICA, a Delaware Corporation, WARDEN
DONALD DORSEY, Individually and in his
capacity as Warden of the CCA Facility,
Torrance County, State of New Mexico,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

        This matter comes before the Court upon Defendants' Objection to Plaintiff's Exhibits (Docket No. 90) filed May 31, 2002. After reviewing Plaintiff's proposed trial exhibits and the Defendants' objections, I find that some of the objections should be sustained and that some should be denied. In reliance on the bases cited in Defendants' objection and because of the numerousness of the exhibits and the objections, I will not generally explicate my rulings. I note that there are no objections to authenticity; accordingly, I am taking the exhibits to be authentic. Considering that the exhibits are from Defendants' records or are business records of other entities, there appears to be little question as to authenticity. Defendants may submit a protective order limiting the use of certain documents to this case and requiring that certain documents be sealed after the trial is concluded. I doubt that many of the proposed stipulations suggested by Defendants will be necessary.

        Defendants' preliminary objections to Exhibit 1 are overruled. The objections to Document no. 795 are sustained provided that Defendants will add to their proposed stipulation the number of housing changes in Arthur Lopez' housing; otherwise, Docket No. 795 will be

admitted. If Defendants are willing to stipulate to their self-denominated "undisputed facts" set out in their objections to Documents 800, 801, 812, 824, 825, 835, 837, 838, 839, 840, 844, 845, 850, and 884 in Plaintiff's Exhibit 1, the above listed documents will be excluded. The objections to Exhibit 1 Documents 802, 810, 814, 816, 818, 831, 832, 833, 834, 842, and 843 are overruled and those documents will be admitted into evidence. Defendants' objections to Exhibit 1 documents 888 and 890, are sustained and those document shall not be admitted into evidence.

Defendants' objections to Exhibits 3, 4, 5, 7, 11, 16, 24, 25, 26, and 43 are overruled and those exhibits will be admitted into evidence except for Documents 990, 991 and 1004[1] which are exact duplicates of other exhibits, and they shall be excluded.

Defendants' objections to Exhibits 9, 10, 14, 15, 17, 18, 19, 20, 21, 22, 33, 36, 37, 38, 40, and 44 are sustained and those exhibits shall not be admitted into evidence.

I will defer ruling on the admissibility Exhibits 34, 35, and 45 until I can consider these exhibits in the context of the trial.

Plaintiff shall tailor the book of exhibits in accordance with the rulings above without changing the numbers originally used so that the remaining admitted exhibits run numerically, with certain skips, as they were originally numbered.

This cause shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] There is an objection to Exhibit 13 stating that it is an "exact duplicate" of Exhibit 6. Document no. 1004. I exclude the document from the group rather than the discreet exhibit.